UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHERYL D. UZAMERE,

                Plaintiff,

        -v-                                       1:25-CV-24 (AJB/PJE)

D. GREGG *et al.*,

                Defendants.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

CHERYL D. UZAMERE
Plaintiff, Pro Se
1209 Loring Avenue, Apt. 6B
Brooklyn, NY 11208

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On January 6, 2025, *pro se* plaintiff Cheryl D. Uzamere ("plaintiff") filed this civil rights action alleging that hundreds, if not thousands, of known and unknown federal and state officials have conspired to cause her harm. Dkt. No. 1. Plaintiff initially moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, but later paid the filing fee, which mooted her IFP Application. Plaintiff has since filed an amended pleading that, broadly speaking, alleges substantially the same broad-ranging civil rights conspiracy against her.[1] Dkt. No. 6.

On March 31, 2025, U.S. Magistrate Judge Paul J. Evangelista conducted a *sua sponte* review of plaintiff's amended complaint and advised by Report & Recommendation ("R&R")

---

[1] Plaintiff's complaint and attached exhibits ran to 2,522 pages. Dkt. No. 1. Plaintiff's amended complaint and attached exhibits run to 2,285 pages. Dkt. No. 6.

- 1 -

that this action be dismissed as legally and factually frivolous. Dkt. No. 12. Plaintiff has lodged objections.[2] Dkt. No. 14.

Upon *de novo* review, plaintiff's objections must be overruled. As Judge Evangelista explained in his R&R, plaintiff is a vexatious litigant. Her improper litigation behavior has led judicial officers to impose pre-filing injunctions or bar orders against her in two federal judicial districts and at least one state-court venue, too. Dkt. No. 12 at 4; *Uzamere v. Uzamere*, 2022 WL 4451107, at *4 (E.D.N.Y. Sept. 23, 2022) (recounting plaintiff's litigation history in other federal judicial districts). She has been repeatedly warned about the consequences of filing frivolous, harassing, abusive, or malicious civil actions. *Uzamere v. New York*, 2019 WL 5212294, at *2 (S.D.N.Y. Oct. 15, 2019) (collecting cases).

Against that backdrop, there is little to add to Judge Evangelista's thorough analysis of plaintiff's amended complaint, which is subject to dismissal as frivolous for exactly the reasons he has articulated in the R&R. However, one troubling feature of the R&R bears mention:

> plaintiff has engaged in daily harassing phone calls/electronic help-desk communications to this Court's clerk's office, where plaintiff often raises her voice; spews abusive, racist comments towards the recipients of her calls; and threatens lawsuits against court employees because she disagrees with the amount of time it takes the Court to address her filings. When advised that the Court is aware of her filings and that they will be addressed in due course—which is in line with the Court's large volume of cases, including many that were filed before plaintiff's—plaintiff accused the nonjudicial staff of conspiring to "hide" her filings from the judges.

Dkt. No. 12 at 26 & n.18. As noted in the R&R, plaintiff engaged in similar conduct toward clerk's office employees in the Eastern District of New York. *Id*. There, plaintiff, "at times, engaged in harassing, and sometimes antisemitic telephone calls to the Clerk's Office and to

---

[2] Plaintiff's objections run to 1,191 pages. Dkt. No. 14. Because this exceeds the customary page length permitted under the Local Rules, plaintiff sought leave to file an oversize brief. Dkt. No. 13. That request will be granted.

chambers" and "attempted to contact judicial staff outside of the Courthouse." *Uzamere*, 2022 WL 4451107, at *4 & n.3.

Ultimately, the presiding judicial officer in the Eastern District of New York entered an order that, *inter alia*, prohibited plaintiff: (1) "from directly contacting any judicial chambers by telephone, electronic mail, fax, or other means"; and (2) "from contacting Court staff outside of the Court house (such as by the use of a judicial employee's personal phones, personal address or electronic mail or personal social media accounts) for any matter related to any case filed in this Court." *Uzamere v. Uzamere*, 2022 WL 17719555, at *2 (E.D.N.Y. Dec. 15, 2022).

That kind of behavior will not be tolerated in this judicial district any more than it was tolerated by others downstate. As Judge Evangelista points out, in extreme cases this kind of conduct is even sanctionable. Dkt. No. 12 at 29 & n.21. However, this appears to be plaintiff's first time filing an action in this judicial district. And it appears to be the first time that plaintiff is being warned that the same rules of decorum that apply in other federal judicial districts apply here with equal force and effect. So plaintiff's amended complaint will just be dismissed without leave to further amend as frivolous. No other action will be taken for now.

But plaintiff clearly has experience litigating matters *pro se* in federal court. She must be familiar with the basic procedural and substantive requirements. *Tracy v. Freshwater*, 623 F.3d 90, (2d Cir. 2010) (explaining solicitude owed to *pro se* litigants can be limited or withdrawn in appropriate cases). Plaintiff is warned that if she persists in filing further frivolous actions in this judicial district she will be referred to the Chief Judge for consideration of a pre-filing injunction, which would apply to her regardless of whether or not she pays a filing fee. Abusive, harassing, or disrespectful conduct toward court staff might subject her to sanctions as well.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 12) is ACCEPTED;

2. Plaintiff's amended complaint is DISMISSED with prejudice[3] and without leave to amend as FRIVOLOUS;

3. Plaintiff's letter motion for an enlarged page limit for her objections (Dkt. No. 13) is GRANTED;

4. Plaintiff's letter motion seeking permission to file electronically in ECF (Dkt. No. 7) is DENIED as moot; and

5. Plaintiff's letter motion seeking permission for the U.S. Marshals Service to serve the summons and amended complaint (Dkt. No. 11) is DENIED as moot.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: April 17, 2025
Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[3] To the extent that Judge Evangelista's R&R recommended dismissal of any claims on jurisdictional grounds, those claims are dismissed without prejudice but without leave to amend as frivolous.