# *UNITED STATES DISTRICT COURT*
## *NORTHERN DISTRICT OF NEW YORK*

## **JUDGMENT IN A CIVIL CASE**

**Cheryl D. Uzamere**
*Individually and in Her Official Capacity as Sole Proprietor of African Diasporal Enterprises and Uzamere Word Processing & More; Adjudged to be an Antisemite and Prevented from Proceeding In Forma Pauperis by Jewish Judges of the New York State Unified*
    Plaintiff

   vs.         **CASE NUMBER: 1:25-cv-24 (AJB/PJE)**


**D. Gregg**
*Shield No. 298, Law Enforcement Officer for the U.S. Department of Homeland Security, Sued Individually and in His Official Capacity*

**Denis McGowan**
*Former Regional Director for the Federal Protective Service, U.S. Department of Homeland Security, Sued Individually and in His Official Capacity*

**Rachel A. McCarthy**
*Esq., Former Bar Counsel for the U.S. Citizenship and Immigration Service, Sued in Her Former Official Capacity*

**John Does 1-3**
*Unknown Law Enforcement Officers from Unknown Federal Law Enforcement Agency, Sued Individually and in Their Official Capacities*

**John/Jane Doe**
*Employee Who Filed the Criminal Complaint on December 19, 2017, Sued Individually and in His/Her Official Capacity*

**William Patrick Campos**
*Esq., Assistant U.S. Attorney, U.S. Attorneys Office for the Eastern District of New York, Sued Individually and in His Official Capacity*

**Eugenia A. Cowles**
*Esq., Assistant U.S. Attorney for the District of Vermont, Sue in Her Official Capacity*

**Carla B. Freedman**
*Esq., U.S. Attorney for the Northern District of New York, Sued in Her Official Capacity*

**Honorable Nicholas G. Garaufis**
*Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in His Official Capacity*

**Honorable La Shann D'Arcy Hall**
*Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in Her Official Capacity*

**Honorable Ramon Reyes**
*Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in His Official Capacity*

**Honorable Steven Tiscione**
*Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in His Official Capacity*

**Honorable Lois Bloom**
*Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in Her Official Capacity*

**Honorable John/Jane Does 1-100**
*Federal Judges for the U.S. District Court for the Eastern District of New York, Sued Individually and in Their Official Capacities*

**Brenna B. Mahoney**
*Clerk of Court for the U.S. Court for the Eastern District of New York; Sued Individually and in Her Official Capacity*

**Douglas Palmer**
*Former Chief Clerk of Court for the U.S. District Court for the Eastern District of New York, Sued Individually and in His (Former) Official Capacity*

**John/Jane Doe**
*with initials MB, Clerk of Court for the U.S. Court for the Eastern District of New York, Sued Individually and in His Official Capacities*

**John/Jane Does 1-100**
*Clerks of Court for the U.S. Court for the Eastern District of New York, Sued Individually and in Their Official Capacities*

**Janet Hamilton**
*CJA Clerk for the U.S. Court for the Eastern District of New York, Sued Individually in Her Official Capacity*

**John/Jane Does**
*CJA Clerks for the U.S. District Court for the Eastern District of New York as of April 3, 2018, Sued Individually and in Their Official Capacities*

**Honorable Colleen McMahon**
*Federal Judge for the U.S. District Court for the Southern District of New York, Sued Individually and in Her Official Capacity*

**Honorable John/Jane Does 1-100**
*Federal Judges for the U.S. District Court for the Southern District of New York, Sued Individually and in Their Official Capacities*

**Honorable John/Jane Does 1-10,000**
*All Federal Judges Who are/were associated with the Babylonian Talmud/Jewish Faith throughout the United States, Sued in Their Official Capacities (for purposes of 28 U.S.C. § 455(a) recusal)*

**Carla B. Freedman**
*Esq., U.S. Attorney for the Northern District of New York, Sued in Her Official Capacity*

**John/Jane Does 1-10,000**
*All U.S. Attorneys who are/were associated with the Babylonian Talmud/Jewish Faith throughout the United States, Sued in Their Official Capacities (for purposes of 28 U.S.C. § 455(a) recusal)*

**Ted Willmann**
*CVB Branch Chief, Sued Individually and in His Official Capacity*

**Travis Windham**
*CVB Clerk, Sued Individually and in His Official Capacity*

**Deidre Von Dornum**
*Esq., CJA Liaison for the U.S. District Court for the Eastern District of New York, Sued Individually and in Her Official Capacity*

**Raymond Louis Colon**
*Esq., CJA Attorney, Sued Individually and in His Official Capacity*

**Damon Y. Smith**
*Esq., General Counsel of the U.S. Department of Housing and Urban Development, Sued in His Official Capacity*

**Jay Golden**
*Region II Director, Office of Fair Housing, and Equal Opportunity for the U.S. Department of Housing and Urban Development, Sued Individually and in His Official Capacity*

**State of New York**
*Sued Individually and in Its Official Capacity*

**Kathy Hochul**
*Governor of the State of New York, Sued Individually and in Her Official Capacity*

**Letitia James**
*Esq., New York State Attorney General, Sued Individually and in Her Official Capacity*

**Beezly James Kiernan**
*Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in His Official Capacity*

**Laura Etlinger**
*Esq., Assistant Solicitor General for the New York State Attorney Generals Office, Sued Individually and in Her Official Capacity*

**Alexandria Rademacher Twinem**
*Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in Her Official Capacity*

**Anthony Rotondi**
*Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in His Official Capacity*

**Douglas R. Kemp**
*Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in His Official Capacity*

**Shannan C. Krasnokutski**
*Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in Her Official Capacity*

**Honorable Rowan D. Wilson**
*Chief Judge of The New York State Court of Appeals, Sued in His Official Capacity*

**Honorable Norman St. George**
*First Deputy Administrative Judge for the New York State Unified Court System, Sued Individually and in His Official Capacity*

**Honorable Christopher J. McCarthy**
*Judge for the New York State Court of Claim, Sued Individually and in His Official Capacity*

**Stan L. Pritzker**
*Associate Justice for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Lisa Fisher**
*Associate Justice for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Mark L. Powers**
*Associate Justice for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and in His Official Capacity*

**Robert D. Mayberger**
*Esq., Clerk of Court for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and His Official Capacity*

**Honorable Dianne Renwick**
*Presiding Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable David Friedman**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Sallie Manzanet-Daniels**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Barbara R. Kapnick**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Troy K. Webber**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Ellen Gesmer**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Cynthia S. Kern**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Jeffrey K. Oing**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Anil C. Singh**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Peter H. Moulton**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Lizbeth Gonzalez**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Tanya R. Kennedy**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Saliann Scarpulla**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Manuel J. Mendez**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity*


**Honorable Martin Shulman**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Julio Rodriguez, III**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Bahaati Pitt-Burke**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable John R. Higgitt**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Llinet M. Rosado**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Kelly O'Neill Levy**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Marsha Michael**
*Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Gerald J. Whalen**
*President Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Nancy E. Smith**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Stephen K. Lindley**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable John M. Curran**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Tracey A. Bannister**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Mark A. Montour**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable E. Jeannette Ogden**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Donald A. Greenwood**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Henry Nowak**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Scott Delconte**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Lynn W. Keane**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Craig D. Hannah**
*Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity*

**Honorable Adam W. Silverman**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Christina L. Ryba**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable James Ferreira**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Justice Corcoran**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Kimberly A. O'Connor**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Peter A. Lynch**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Roger McDonough**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Susan M. Kushner**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Thomas Marcelle**
*Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity*

**Tara A. Uzamere**
*Registered Nurse for the New York State Insurance Fund and Daughter of Plaintiff and Ehigie Edobor Uzamere, Sued in Her Official Capacity*

**City of New York**
*as a Domestic Municipal Corporation, Sued Individually and in Its Official Capacity*

**Philip Wooley Young**
*Esq., Assistant Corporation Counsel for the New York City Law Department, Sued Individually and in His Official Capacity*

**Jonathan L. Pines**
*Esq., Assistant Corporation Counsel for the New York City Law Department, Sued Individually and in His Official Capacity*

**Eric Gonzalez**
*Esq., Kings County District Attorney, Sued Individually and in His Official Capacity*

**Jessica Sarah Tisch**
*in Her Official Capacity as Commissioner of the New York City Police Department, Sued in Her Official Capacity*

**Michael Berger**
*Deputy Commissioner for Legal Matters for the New York City Police Department, Sued in His Official Capacity*


**Steve Cruz**
*Shield No. 2503, Detective, 3rd Grade, Criminal Intelligence Section for the New York City Police Department, Sued Individually and in His Official Capacity*

**Franciso Jacquez**
*Shield No. 5199, Detective 3rd Grade, Criminal Intelligence Section for the New York City Police Department, Sued Individually and in His Official Capacity*

**Brent Curry**
*Shield No. 3881, Sergeant for the New York City Police Department, Sued Individually and in His Official Capacity*

**John/Jane Does 1-100**
*Police Officer at the PSA Precinct, Sued Individually and in Their Official Capacities*

**Cynthia Acerra**
*Lieutenant and Freedom of Information Officer of the New York City Police Department, Sued Individually and in Her Official Capacity*

**New York City Housing Authority**
*as a Domestic Municipal Corporation, Sued Individually and in Its Official Capacity*

**Jamie Rubin**
*Chair of the New York City Housing Authority, Sued Individually and in His Official Capacity*

**David Rohde**
*Esq., General Counsel for the New York City Housing Authority, Sued Individually and in His Official Capacity*

**Lisa Bova-Hiatt**
*Esq., Chief Executive Officer of the New York City Housing Authority, Sued Individually and in Her Official Capacity*

**David Patrick Greene**
*Esq., Executive Vice President for Property Management Operations, Sued Individually and in His Official Capacity*

**Brad Greenburg**
*Esq., Chief Compliance Officer of the New York City Housing Authority, Sued Individually and in His Official Capacity*

**Seth Kramer**
*Esq., Attorney for the New York City Housing Authority, Sued Individually and in His Official Capacity*

**Brooklyn Defender Service**
*Sued Individually and Its Official Capacity*

**Timothy Gumkowsky**
*Esq., Sued Individually and in His Official Capacity*

**Joyce Kendricks**
*Esq., Sued Individually and in Her Official Capacity*

**Harvey Shapiro**
*Esq.*

**Jack Gladstein**
*Esq.*

**Austin I. Idehen**
*Esq.*

**Ehigie Edobor Uzamere**

**David Neal**
*Director, Executive Office for Immigration Review for the U.S. Department of Justice, Sued Only in His Official Capacity*

**John N. Blum**
*Esq., General Counsel, Executive Office for Immigration Review for the U.S. Department of Justice, Sued Only in His Official Capacity*

**Honorable John/Jane Does**
*Federal Judges for the Eastern District of New York, Sued Individually and in Their Official Capacities*

**Honorable John/Jane Does**
*Federal Judges for the Southern District of New York, Sued Individually and in Their Official Capacities*

**Susan A. Bronka**
*Esq., Office of Civil Rights, New York Office, U.S. Department of Education, Sued Individually and in His Official Capacity*

**William J. Poorten**
*Esq., Office of Civil Rights, New York Office, U.S. Department of Education, Sued Individually and in His Official Capacity*

**Honorable L. Michael Mackey**
*Associate Justice for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Daniel D. Angiolillo**
*Former Associate Justice for the New York State Supreme Court Appellate Division for the Second Judicial Department, Sued Individually and in His Official Capacity*

**Honorable L. Priscilla Hall**
*Former Associate Justice for the New York State Supreme Court Appellate Division for the Second Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Jeffrey A. Cohen**
*Former Associate Justice for the New York State Supreme Court Appellate Division for the Second Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Robert J. Miller**
*Former Associate Justice for the New York State Supreme Court Appellate Division for the Second Judicial Department, Sued Individually and in His Official Capacity*

**Honorable Genine Edwards**
*Administrative Judge for the Second Judicial Department, Sued Individually and in Her Official Capacity*

**Honorable Lawrence Knipel**
*Justice for the Kings County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Jeffrey S. Sunshine**
*Justice for the Kings County Supreme Court, Sued Individually and in His Official Capacity*

**Honorable Jacqueline D. Williams**
*Judge for the Kings County Family Court, Sued Individually and in Her Official Capacity*

**Adele Alexis Harris**
*Support Magistrate for the Kings County Family Court, Sued Individually and in Her Official Capacity*

**New York City Police Department**
*in Its Official Capacity*

**Officer Merino**
*Shield No. 16588, 84th Precinct, New York City Police Department, Sued Individually and in His Official Capacity*

**Officer St. Jose**
*Shield No. 14833, 84th Precinct, New York City Police Department, Sued Individually and in His Official Capacity*

**Officer Juan**
*Shield No. 12373, 84th Precinct, New York City Police Department, Sued Individually and in His Official Capacity*

**Officer Kucevic**
*Shield No. 20305, 84th Precinct, New York City Police Department, Sued Individually and in His Official Capacity*

**John/Jane Does 1-100**
*Police Officers from the PSA2 or 75th Precinct Who Visited My Apartment around February 2018, Sued Individually and in Their Official Capacities*

**City University of New York**
*Sued Individually and in Its Official Capacity*

**Derek Davis**
*Esq., General Counsel for the City University of New York, Sued Individually and in His Official Capacity*

**Michelle Anderson**
*Esq., President of Brooklyn College, Sued Individually and in Her Official Capacity*

**Jaclyn Helms**
*Esq., Office of Legal Affairs and Labor Relations, Brooklyn College, Sued Individually and in Her Official Capacity*

**John Paul**
*Chair of the Economics Department, Brooklyn College Judicial Hearing Officer, Sued Individually and in His/Her Official Capacity*

**Kelly Spivey**
*Director of the LGBTQ+ Resource Center, Brooklyn College Judicial Hearing Officer, Sued Individually and in His/Her Official Capacity*

**Rebecca Boger**
*Chair of the Department of Earth and Environment, Professor of Earth and Environmental Science, School of Natural and Behavioral Science of Brooklyn College, Sued Individually and in His Official Capacity*

**David Seidemann**
*Professor, Earth and Environmental Science, School of Natural and Behavioral Science of Brooklyn College, Sued Individually and in His Official Capacity*

**Grace Culhane**
*Professor of English, Brooklyn College, Sued Individually and in Her Official Capacity*

**Peter Tolias**
*Dean School of Natural and Behavioral Science of Brooklyn College, Sued Individually and in His Official Capacity*

**Kai Shum**
*Professor of Physics, Brooklyn College, Sued Individually and in His Official Capacity*

**Marling Sone**
*Vice President of Enrollment Management and Student Affairs, Sued Individually and in Her Official Capacity*

**Officer Brooks**
*Shield No. 226, CUNY Safety Officer, Sued Individually and in His Official Capacity*

**Lieutenant Marrero**
*CUNY Safety Officer, Sued Individually and in Her Official Capacity*

**L. Charles**
*CUNY Safety Officer, Sued Individually and in His Official Capacity*

**William C. Thompson, Jr.**
*Chairperson of the CUNY Board of Trustees, Sued in His Official Capacity*

**Henry T. Berger**
*CUNY Board of Trustees, Sued in Her Official Capacity*

**Brian D. Obergfell**
*CUNY Board of Trustees, Sued in Her Official Capacity*

**Cynthia Wiseman**
*Faculty Alternate, CUNY Board of Trustees Committee on Student Affairs and Special Programs, Sued in Her Official Capacity*

**Enid Stubin**
*Faculty Representative, CUNY Board of Trustees Committee on Student Affairs and Special Programs, Sued in Her Official Capacity*

        Defendants

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that 1.The Report & Recommendation (Dkt. No. 12) is ACCEPTED; and 2. Plaintiff's amended complaint is DISMISSED with prejudice and without leave to amend as FRIVOLOUS.

All of the above pursuant to the order of the Honorable **Anthony J. Brindisi**, dated April 17, 2025.

DATED: April 17, 2025

Clerk of Court

By: s/Z. Cortese
Z. Cortese, Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

**(a) Appeal in a Civil Case.**

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.